**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TYOSHA N. MONTGOMERY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1704 |
| | § | |
| THE GEO GROUP, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

The plaintiffs, Tyosha N. Montgomery and others[1] sued The Geo Group, Inc. ("Geo Group"), as well as some of Geo Group's employees, in Texas state court in May 2013. The plaintiffs are former employees of Geo Group. The plaintiffs asserted that Geo Group and other defendants had harassed them for attempting to establish a union. They alleged claims for negligent hiring, supervision, training, and retention based on alleged unfair labor practices. (Docket Entry No. 1, Ex. 1). The defendants timely removed. At the initial pretrial and scheduling conference held on July 31, 2013, the court discussed with the parties problems relating to federal preemption and other pleading issues. (Docket Entry No. 8). The court set deadlines for the plaintiffs to replead and for the defendants to move to dismiss. (Docket Entry No. 9). The plaintiffs did not replead, and the defendants timely moved to dismiss. (Docket Entry No. 10). The defendants move to dismiss the negligent hiring and related claims under Rule 12(b)(1) for lack of subject-matter jurisdiction due to federal preemption, and under Rule 12(b)(6) for failure to state a claim on the basis that the claims

---

[1] The other plaintiffs are Mel Harrison, Debra Washington, Gene Young, Arthurine Westmoreland, Mark Stoker, Eric Saucier, David Reid, George Perry, III, Shamica Lewis, Roderick Hughes, Tamica Harris, Monte Harrelson, Howard Harrelson, and Shawn Hakiem.

are barred by the Texas Workers' Compensation Act, TEX. LAB. CODE § 408.001(a) ("TWCA"). Based on the motion, the pleadings, and the applicable law, this court grants the motion. Because plaintiffs were given the opportunity to replead but have failed to do so, this dismissal is with prejudice.

The reasons are explained below.

## I.     The Allegations in the Complaint

The factual allegations are sparse. They are included in paragraphs 6 and 7 of the complaint, which provide:

> 6.  Defendants have consistently terminate[d] and harassed the plaintiff's [sic] while they were employees for their attempts to organize a union at the facility.
>
> 7.  The Supervisors systematically harassed an[d] fired [the] employees involved. The Geo Group retained and hired employees that perpetuated the harassment.

(Docket Entry No. 1, Ex. 1 at ¶¶ 6–7)[2]. The only causes of action are state-law claims for negligent hiring, supervising, training, and retaining. (*Id.*, Ex. 1 at ¶¶ 8–9). The plaintiffs seek back and front pay, mental anguish damages, other compensatory damages, and liquidated and exemplary damages. (*Id.*, Ex. 1 at ¶ 10).

## II.    The Motion to Dismiss for Lack of Subject-Matter Jurisdiction

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed

---

[2] The defendants refer to these paragraphs as paragraphs 5 and 6. (Docket Entry No. 10 at 7). This confusion is most likely due to the fact that paragraph 4 in the complaint is followed by paragraphs 6 and 7.

facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The motion to dismiss in this case is based on the complaint.

The plaintiffs assert that they were harassed and their employment was terminated for their attempts to organize a union during their employment with Geo Group. (Docket Entry No. 1, Ex. 1 at ¶¶ 6–7). Because the allegations are all related to the alleged retaliation for efforts to unionize, the state-law negligence claims are based on conduct subject to, and preempted by, the National Labor Relations Act, 29 U.S.C. §§151–169, ("NLRA"). *See San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959) ( "When an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ."); *Belknap, Inc. v. Hale*, 463 U.S. 491, 498 (1983) ("[S]tate . . . causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the Act."); *Sheet Metal Workers Local Union No. 54 v. E.F. Etie Sheet Metal Co.*, 1 F.3d 1464, 1469–70 (5th Cir. 1993) (stating that courts must look to "whether the controversy presented under state law to the courts is identical to or different from that which could have been, but was not, presented to the National Labor Relations Board" (citing *Sears, Roebuck & Co. v. San Diego County District Council of Carpenters,* 436 U.S. 180, 197–98 (1978))).

Section 7 of the NLRA grants employees the right to "self-organization, to form, join, or assist labor organizations, [and] to bargain collectively through representatives of their own choosing." 29 U.S.C. §157. Section 8(a) makes it an unfair labor practice for an employer "to interfere with, restrain, or coerce employees in the exercise of rights" guaranteed in § 7. 29 U.S.C. §158(a)(1). In this case, the complaint's allegations make it clear that the plaintiffs' harassment and

negligence claims arise under the NLRA and are subject to the National Labor Relation Board's exclusive jurisdiction. *Cf. Cal. Gas Transp., Inc. v. NLRB*, 507 F.3d 847, 855 (5th Cir. 2007) (acknowledging that terminating employment based on union activity is an unfair labor practice subject to the NLRA). The claims are preempted. The motion to dismiss for lack of subject matter jurisdiction is granted.

### III.     The Motion to Dismiss for Failure to State a Claim

The defendants additionally move to dismiss the state-law negligent hiring, supervision, retention, and training claims on the basis of the TWCA's exclusive-remedy bar. Under the TWCA, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for . . . a work-related injury sustained by the employee." TEX. LAB. CODE § 408.001(a). An employer is entitled to assert the TWCA's exclusive remedy provision as an affirmative defense when the employer subscribed to workers' compensation insurance, the plaintiff was an employee, and the plaintiff suffered a work-related injury. *W. Steel Co. v. Altenburg*, 206 S.W.3d 121, 123 (Tex. 2006). The plaintiffs' complaint allegations make clear that they were employees of Geo Group and that they suffered work-related injuries. The Geo Group presents the uncontroverted defense that it is a workers' compensation subscriber and that the plaintiffs were covered by the policy during their employment. Because the TWCA is the plaintiffs' exclusive remedy for employment related injuries caused by the defendants' alleged negligence, they cannot recover on the negligence claims as a matter of law, and the claims must be dismissed.

The defendants also assert that the claims are deficiently pleaded because the complaint does not allege an underlying actionable tort against any individual employee of Geo Group, and because

4

the complaint's factual allegations are insufficient under *Iqbal* and *Twombly*. These additional grounds for dismissal need not be addressed.

**IV.     Conclusion**

The motion to dismiss is granted. The defendants' request for an award of attorneys' fees is denied; there is an insufficient basis for such an award on the present record. The defendants are entitled to recover their costs of court.

Final judgment is separately entered.

SIGNED on December 30, 2013, at Houston, Texas.

                                                          _____
                                                                       Lee H. Rosenthal
                                                               United States District Judge